3 F.3d 1577
 303 U.S.App.D.C. 293
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Jerome Dexter HAMMOND, Appellant.
 No. 92-3174.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 27, 1993.
 
 Before: WALD, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Hammond argues that he was unlawfully seized because a reasonable person in his position "would not have felt free to ignore" the police officers. Brief for Appellant at 9. He describes his encounter with the police as a seizure because one of the officers: (1) went to the back of the bus and stood in the aisle next to the row of seats where Hammond was located, thereby "block[ing appellant's] egress," id.; (2) asked Hammond several questions before explaining the purpose of the questioning; (3) performed a search of Hammond's person while Hammond remained seated in the back of the bus; and (4) failed to notify Hammond that he could decline to consent. This court has repeatedly found similar encounters to be valid under the Fourth Amendment. See, e.g., United States v. Lewis, 921 F.2d 1294 (D.C.Cir.1990). We cannot discern, and Hammond does not identify, any significant distinction between the circumstances in this case and those present in Lewis.
 
 
 5
 Hammond also contends that the district court erred in finding that he voluntarily consented to the search of his tote bag. He asserts that his consent was not given freely and voluntarily because the police officer "singled [him] out" for questioning and "cornered [him] in the back seat of the bus." Brief for Appellant at 12.
 
 
 6
 The evidence does not support Hammond's claim. The record indicates that Hammond understood that the police officer was part of a drug interdiction unit conducting random searches of bus passengers from New York City, that the officer asked Hammond whether he could search Hammond's luggage, and that Hammond responded "yes." By all accounts, the officer addressed Hammond in a polite conversational tone, and the entire encounter lasted only a few minutes. There is simply no evidence that appellant was subjected to any "aggressive questioning, intimidating actions, or prolonged police presence." United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989).
 
 
 7
 The fact that Hammond was "a young black male traveling alone," Brief for Appellant at 12, and that the police officer failed to advise appellant of his right to refuse the search, does not render his consent involuntary.